**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RATKO MASLENJAK,** | ) | **CASE NO.      3:09CV0388** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ERIC H. HOLDER, JR.,** *et al.*, | ) | |
| | ) | <u>**MEMORANDUM OF OPINION**</u> |
| **Respondents.** | ) | <u>**AND ORDER**</u> |

Before the Court is Respondents' April 17, 2009, Motion to Dismiss the Petition for Writ of Habeas Corpus and for Declaratory and Injunctive Relief filed by Petitioner on February 19, 2009 (***ECF No. 12***).  For the reasons discussed, *infra*, the Motion to Dismiss is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus and for Declaratory and Injunctive Relief (*ECF No. 8*) is hereby **DISMISSED**.

**I.**

Pursuant to the mandatory detention provision of Immigration and Nationality Act ("INA") §236(c), 8 U.S.C. §1226(c), Petitioner Ratko Maslenjak ("Petitioner") is currently being detained without bail by Immigration and Customs Enforcement ("ICE") at Seneca County Jail in Tiffin, Ohio, pending removal proceedings. *ECF No. 8* at ¶¶1-2.

In January 2008, Petitioner was convicted of two counts of document fraud in violation of 18 U.S.C. §1546(a).  *Id*. at ¶16; *United States v. Maslenjak*, No. 5:07cr0004 (N.D. Ohio 2008).  Petitioner had not disclosed a period of military service in the Bosnian Army when

he filed his I-590 Form (Application for Refugee Status) in January 1998, and when he filed his I-485 Form (Application for Permanent Residency) on August 12, 2002. *Id.* at ¶17. Pursuant to his conviction, Petitioner was sentenced on January 8, 2008 to two years probation with the first six months to be served in home detention. *Id.* at ¶18; Case No. 5:07cr0004, *ECF No. 69.* Petitioner was released from home detention in July 2008. *Id.* at ¶19; *ECF No. 1* at 6.

Between June 2008 and January 2009, ICE repeatedly contacted both the law firm currently representing Petitioner in this matter and Petitioner's criminal counsel in order to negotiate Petitioner's voluntary surrender to ICE custody. *ECF No. 12*, *Gutridge Decl.* ¶ 4. When it became apparent that ICE would not be able to obtain Petitioner's voluntary surrender, ICE agents traveled to Akron on January 13, 2009 to apprehend Petitioner when he appeared for a probation meeting. *Id..*, *Gaustini Decl.* ¶¶ 7-8. Petitioner was apprehended and transported back to Cleveland, where he was processed and placed into detention. *Id.*

ICE has charged that Petitioner is a deportable alien under three separate provisions of INA §237, 8 U.S.C. §1227. *ECF No.12*, Ex. A. One of these provisions, §237(a)(2)(A)(ii), for committing multiple crimes of moral turpitude, is expressly designated by §236(c)(1)(B) as a class of criminal aliens subject to mandatory detention pending removal proceedings.[1] *See also* INA §236(c)(2), 8 U.S.C. § 1226(c)(2). Consequently, on February 4, 2009, pursuant to a bond hearing requested by Petitioner, the Immigration Law Judge found that he was without jurisdiction to grant bond because Petitioner was subject to INA §236(c) mandatory detention. *ECF No. 8* at ¶21.

---

[1] INA §237(a)(2)(A)(ii) states that "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."

-2-

Petitioner challenges this mandatory detention before the Court, claiming in his habeas petition that he does not fall within the plain language of the mandatory detention provision, §236(c), because he was not immediately detained by ICE officials following his release from home detention.[2]  *Id.* at ¶¶26-27.  Petitioner, in his response to Respondents' motion to dismiss, also argues that the mandatory detention provision does not apply to him because only criminal aliens held in physical custody are subject to mandatory detention, and Petitioner was not in physical custody but rather was under home detention.  *ECF No. 13* at 2-3.  Petitioner has asked the Court to order an individualized bond hearing since §236(c) mandatory detention does not apply.  *ECF No. 8* at 10.  Respondents have moved to dismiss on the grounds that Petitioner's mandatory detention is proper because the Board of Immigration Appeals' interpretation of §236(c) does not require immediate detention upon release.  *ECF No. 12* at 3.

## II.

Under INA §236(c)(1), 8 U.S.C. §1226(c)(1),  "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(ii), (B), (C), or (D) of this title . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  Because INA §236(c)(2), 8 U.S.C. §1226(c)(2), permits the Attorney General to release an alien

---

[2]In this Court, Petitioner is only challenging that he is subject to mandatory detention pending removal.  In his immigration proceedings, Petitioner is seeking relief from removal on asylum and other grounds.  On May 11, 2009, an Immigration Law Judge denied Petitioner's request for relief from removal on asylum and three other grounds.  *ECF No. 18.*

taken into custody under §236(c)(1) only under very limited circumstances,[3] the alien is mandatorily detained and is not subject to an individualized bond hearing.

A critical issue in interpreting this mandatory detention provision is whether the clause "when the alien is released" requires the ICE to immediately detain the alien for the provision to apply. Though the federal courts that have ruled on this issue have been divided,[4] neither the Sixth Circuit nor any district court within the Sixth Circuit have determined whether the mandatory detention provision is triggered only if the alien is immediately taken into custody when released. This Court will not be the first to do so, because even if the Court was to accept Petitioner's interpretation of §236(c), Petitioner still would not be entitled to the requested relief.

ICE apprehended Petitioner only after numerous attempts to obtain Petitioner's voluntary surrender proved unsuccessful. During the six months between Petitioner's release from home detention and his subsequent apprehension, ICE officials attempted to negotiate voluntary surrender with both Petitioner's criminal counsel, who continued to represent Petitioner in parole hearings up until the time of Petitioner's apprehension in Akron, and the firm who is now Petitioner's immigration counsel. *ECF No. 12* at 7-8. Nevertheless, Petitioner

---

[3]INA §236(c)(1) allows release "only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding."

[4]*Compare e.g., Saucedo-Tellez v. Perryman*, 55 F.Supp. 2d 882 (N.D. Ill. 1999) (deferring to BIA's interpretation not requiring immediate detention) *and Okeke v. Pasquarell*, 80 F.Supp. 2d 635 (W.D. Tex. 2000) (same) *with Quezada-Bucio v. Ridge*, 317 F.Supp.2d 1221 (W.D. Wash. 2004) (statute unambiguously requires immediate detention) and *Zabadi v. Chertoff*, No. 05-3335, 2005 WL 3157377 (N.D. Cal. 2005) (same).

-4-

argues that ICE failed to detain him promptly after his release from home detention, despite the fact that Petitioner himself was responsible for that delay.

Petitioner asks the Court to grant him relief from mandatory detention under an alleged exception that Petitioner created through his own conduct.  Courts shall not construe statutes in a manner that renders them without effect.  *Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862, 869 n.12 (6th Cir. 2003), citing *U.S. v. Branson*, 21 F.3d 113, 116 (6th Cir. 1994).  Here, the facts show Petitioner avoided voluntary surrender to ICE for six months and is now trying to use the delay he created as grounds for avoiding mandatory detention.  Were the Court to give effect to such conduct, the mandatory detention provision of §236(c) would be largely meaningless because the alien would essentially dictate whether mandatory detention applies.  Any alien, so long as he was able to prevent ICE officials from immediately detaining him after release from criminal custody, could escape mandatory detention.  As Respondents correctly point out, creating such a disincentive to voluntarily surrender would increase the danger to both immigration agents and aliens by necessitating forceful apprehension.  Accordingly, because Petitioner's request for relief would render §236(c) without effect by enabling the alien to effectively control mandatory detention while increasing the risk of harm to all parties, it must be rejected.

Additionally, the Court rejects Petitioner's contention that §236(c) does not apply because Petitioner was never held in custody.  In his habeas petition, Petitioner states that he "was released from house arrest in July 2008.  At that time, he was no longer in the custody of the United States Marshal Service."  *ECF No. 8* at ¶19.  The clear implication of this statement is that, prior to July 2008, while Petitioner was under house arrest, he *was* in the custody of the

-5-

United States Marshal Service.  Thus, Petitioner has admitted that he was in the custody of the United States Marshal Service while under home detention.  Moreover, even though Respondents cite this admission in their motion to dismiss, Petitioner's opposition to the motion to dismiss does not address this admission .  Petitioner is therefore bound by his admission and cannot now argue that he was never held in custody.  *See Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 549 (6th Cir 2007).

   This ruling does not foreclose Petitioner from seeking habeas relief in the future, should circumstances change.  The Sixth Circuit has addressed the subject of pre-removal detention in *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003).  "The INS may detain prima facie removable aliens for a time reasonably required to complete removal proceedings in a timely manner.  If the process takes an unreasonably long time, the detainee may seek relief in habeas proceedings."  *Id.* at 267.  Thus in *Ly*, where petitioner was detained for one and half years with no forseeable possibility of removal, petitioner's detention was found to be unreasonable.  *Id.* at 271.  In contrast, where petitioner was detained for under three months, briefing on his appeal was not yet complete, and there was no showing of unreasonable delay in his proceedings, habeas relief was denied. *Yang v. Chertoff*, No. 05-73098, 2005 WL 2177097 (E.D. Mich. Sept 8, 2005).  *See also Araiza-Morales v. Stine*, No. 06-CV-441-KKC, 2006 WL 3021495 (E.D. Ky. Oct 23, 2006) (finding a detention of two months, absent other showing, to be reasonable); *Olajide v. Wrona*, No. 03-10204-BC, 2004 WL 63967, (E.D. Mich. Jan 8, 2004) (suggesting six months of detention is reasonable).

   In the instant matter, Petitioner has been detained for approximately 120 days, without any showing of unreasonable delay by the INS.  Habeas relief is not currently warranted

because Petitioner's detention has not been unreasonable.  However, should Petitioner's detention continue indefinitely without timely resolution of his removal proceedings, Petitioner may apply for relief under traditional habeas proceedings rather than pursuant to an interpretation of INA §236(c).

**III.**

For the reasons discussed, *supra*, Respondents' Motion to Dismiss (***ECF No. 12***) is **GRANTED**.  Accordingly, the Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief (***ECF No. 8***) is hereby **DISMISSED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     May 15, 2009*
**Dan Aaron Polster**
**United States District Judge**